UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| LaRhonda Burton, *et al.*, ) | CASE NO. 1:17 CV 134 |
| ) | |
| Plaintiffs, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | |
| Cleveland Heights–University Heights, ) | Memorandum of Opinion and Order |
| School District Board of Education, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion for Attorneys' Fees Associated with the Administrative Hearing. (Doc. 33). This is an Individuals with Disabilities Education Act ("IDEA") case. For the reasons that follow, Plaintiffs' motion is DENIED.

**FACTS**

Plaintiffs LaRhonda and Amiya Burton filed this Amended Complaint against the Cleveland Heights University Heights City School District (the "District"). This Court has previously stated the underlying facts in its Memorandum of Opinion and Order on Defendant's

1

Motion for Judgment on the Pleadings and will not repeat them herein.

Plaintiffs filed a lawsuit in this Court on January 18, 2017. They brought seven claims, in an Amended Complaint, including a claim for denial of FAPE under the IDEA, violation of IDEA, violation of the Child Find Requirement, a discrimination claim, a retaliation claim, and a claim for attorneys' fees. The parties litigated these claims for almost a year. Following discovery and motion practice, Plaintiffs requested to dismiss all of their claims without prejudice. The parties filed a Stipulated Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on January 15, 2018, and the case was closed the next day.

Plaintiffs filed the Motion for Attorneys' Fees at issue here on January 30, 2018. Defendant opposes the motion.

**ANALYSIS**

A. Jurisdiction

Defendant argues that the Court lacks jurisdiction to consider the merits of the claim for attorneys' fees because Plaintiffs voluntarily dismissed the Amended Complaint without prejudice. For the following reasons, the Court agrees.

Count Seven of the Amended Complaint asserts a claim for attorneys' fees under IDEA associated with the administrative hearing. However, the parties filed a stipulated notice of voluntary dismissal of all claims without prejudice. Just as the Court may not rule on the merits of any of the other claims, Defendant maintains it also lacks jurisdiction to decide the merits of Count Seven. Defendant acknowledges that the Supreme Court recognized in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990), that courts retain jurisdiction to consider collateral issues, such as attorneys' fees pursuant to Rule 11, after an action is no longer pending. For example, it

2

has been recognized that "a request for attorneys' fees under § 1988 raises legal issues collateral to and separate from the decision on the merits." *Gnesys, Inc. v. Green*, 437 F.3d 482 (6th Cir. 2005) (quoting *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445 (1982)). Defendant asserts, however, that because the Amended Complaint included a separate substantive claim for attorneys' fees, the herein motion is not simply "collateral" to the closed action. In its reply, Plaintiffs merely contend that they have properly sought their fees pursuant to Fed. R. Civ. Pro. 54, which requires a prevailing party to seek fees by motion after a judgment. Since the Court granted the stipulated notice of voluntary dismissal, judgment has been entered. Plaintiffs do not address whether the fees issue is a collateral matter.

As stated above, requests for attorneys' fees under § 1988, for example, raise legal issues collateral to the main cause of action and, therefore, the district court has jurisdiction after judgment or dismissal of the § 1983 complaint to entertain the motion for attorneys' fees. *See also Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.,* 71 F.3d 1053 (2d Cir. 1995) (Although the § 1983 complaint contained a specific request for § 1988 attorneys' fees in the prayer for relief, the court retained jurisdiction to entertain a motion for fees after the underlying complaint was dismissed because whether to award fees is a collateral issue involving questions that must be resolved after resolution of the merits, e.g., whether the party seeking fees prevailed.). In other cases, the issue of attorneys' fees is a core issue which must be sought and resolved before judgment. *Vaughn v. Konecranes, Inc.,* 2016 WL 5219586 (E.D.Ky. Sept. 19, 2016) (citations omitted) (The issue of whether attorneys' fees were owed under a contractual indemnification provision was not merely collateral to the main issue of the enforceability of the indemnity provision.). Here, Plaintiffs request fees pursuant to IDEA incurred in the underlying

3

administrative hearing. This is a core issue on judicial review of the due process hearing where IDEA permits any party that is dissatisfied with the administrative outcome to bring suit in state or federal court. Unlike a § 1988 application which must be addressed *after* resolution of the main cause of action, i.e., the § 1983 claim, the request for fees here required the Court to consider the issues of fees along with the appeal of the state level review officer's decision which has already been resolved.

Plaintiffs insist that they have complied with Rule 54 because they filed their motion after entry of judgment. R. 54(d)(2)(B). However, the rule also states, "A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." R. 54(d)(2)(A). One court has explained that "[t]his rule distinguishes legal fees that are sought as damages based on the substantive law of the claim before the trial court with legal fees that are collateral to the merits and awarded only after the adjudication of the relevant claims and entry of judgment." *Vaughn, supra* (citations omitted). In this case, Plaintiffs seek fees "associated with the administrative hearing," which has already been resolved, as part of its civil action for review of that hearing. As such, Plaintiffs were required to raise and prove the issue of fees during the pendency of this Complaint. *Id.* As Plaintiffs dismissed their claim for fees without prejudice, the Court is without jurisdiction to consider fees via a motion.

B. Motion for Fees

Even if the Court has jurisdiction to consider the Motion for Fees, it would fail on the merits. Plaintiffs bring their motion for fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I). Under this provision of IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part

of the costs . . . to a prevailing party who is the parent of a child with a disability." Defendant argues that Amiya does not meet the statutory definition of a "child with a disability." In response, Plaintiffs point out that the IHO specifically stated that Amiya was a child with a disability and argue that they should be entitled to attorneys' fees because they proved as much as they could under the circumstances.

Upon review, the Court agrees with Defendant. Under the relevant provision of IDEA, a "child with a disability" is defined as a child:

> (i) with intellectual disabilities, hearing impairments . . . speech or language impairments, visual impairments . . . serious emotional disturbance . . . orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; **and**
>
> (ii) who, by reason thereof, needs special education and related services.

20 U.S.C. § 1401(3)(A) (emphasis added).

The plain language of the statute provides that in order for Amiya to qualify as a child with a disability, Plaintiffs must establish both prongs of Section 1401(3)(A) namely that Amiya (i) suffered from a disability; and (ii) needed special education and related services by reason thereof. *See* 20 U.S.C. § 1401(3)(A). Moreover, several courts, including the Sixth Circuit, have denied attorneys' fees when the child has not yet been determined to be a "child with a disability." *See Edwards ex rel. Edwards v. Cleveland Heights-University Heights Bd. of Educ.,* 1991 WL 270811 (6th Cir. Dec. 19, 1991) (affirming denial of attorneys' fees where "the question [of] whether [the student] has a learning disability had not yet been reached in the administrative proceedings"); *T.B. ex rel. Debbra B. v. Bryan Independent School Dist.,* 628 F.3d 240, 245 (5th Cir. 2010) (vacating district court's grant of attorneys' fees where the child had not

5

been found to need "special education and related services"); *Meridian Joint School Dist. No. 2 v. D.A.,* 792 F.3d 1054, 1067 (9th Cir. 2015) (vacating district court's grant of attorney's fees and holding that attorneys' fees under IDEA are limited to parents of a child "determined to need special education services.").

The Court acknowledges that the IHO stated that "[t]he testimony of Ms. Leanza established that the Student is a child with a disability." (Doc. 33-1, PageID 1341). The IHO went on to say, however, that "[Ms. Leanza's] testimony did not . . . establish whether the Student needs special education or related services. Nor did any other witness establish that the Student needs special education or related services." *Id.* As set forth above, both prongs are needed to meet the statutory definition of a "child with a disability." Plaintiffs fail to meet the second prong, so they are not entitled to attorneys' fees under this section of the statute.

Plaintiffs argue in their Reply that other sections of IDEA provide for students who have not yet been determined to have a disability. For instance, IDEA states:

> A child who has not been determined to be eligible for special education and related services under this subchapter and who has engaged in behavior that violates a code of student conduct, may assert any of the protections provided for in this subchapter if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.

20 U.S.C. § 1415(k)(5)(A). While this provision may extend protections in disciplinary proceedings to children who have not yet been found to be eligible for special education and related services, there is no authority to support Plaintiffs' argument that this provision obviates the requirement of the statute that to recover attorneys' fees, the child must have a disability and be in need of special education and related services. Moreover, courts that have addressed this

6

issue have determined that 20 U.S.C. § 1415(k)(5)(A) does not extend to attorneys' fees. *See Meridian Joint Sch. Dist.,* 792 F.3d at 1067 (rejecting argument that Section 1415(k)(5) applies to attorneys' fees); *Bryan Ind. School Dist.,* 628 F.3d at 246 (same). This Court agrees with the Ninth Circuit that "Congress chose plain language that limits eligibility for attorneys' fees under the IDEA to parents whose children have been determined to need special services." *Meridian*, 792 at 1068.

Because the Court finds that Plaintiffs are not entitled to fees where Amiya does not meet the statutory definition of a "disabled child," the Court need not reach Plaintiffs' argument that they were the "prevailing parties" in the litigation. Plaintiffs' motion for fees is denied.

Plaintiffs have also requested that this Court award them $109.80 in administrative costs under 20 U.S.C. § 1415(i)(3)(B) and O.A.C. 3301-51-05(K)(16). Plaintiffs argue that even though IDEA does not provide for reimbursement to parents for costs associated with experts, an exception should apply here because Defendant acted unreasonably. Defendant does not address Plaintiffs' argument. Because the Court finds that Plaintiffs are not entitled to attorneys' fees under Section 1415(i)(3)(B), they are similarly not entitled to costs under this section. Further, Section 3301-51-05(K)(16) specifically states that costs associated with expert testimony will be paid by the party requesting those services. *See* O.A.C. 3301-51-05(K)(16)(b)(i). Plaintiffs request that this Court make an exception to this directive, but provide no legal basis for the Court to do so. As such, Plaintiffs' motion for costs is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees Associated with the Administrative Hearing is DENIED.

IT IS SO ORDERED.

                          /s/ Patricia A. Gaughan
                          PATRICIA A. GAUGHAN
                          United States District Court
Dated: 5/24/18            Chief Judge